UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$159,421.37 IN U.S. CURRENCY and ONE 2002 CADILLAC ESCALADE,<br><br>Defendants.<br><br>CHRISTOPHER FLYNN and REGINA FLYNN,<br><br>Claimants. | No. CV 16-04922-GW(PLAx)<br><br>CONSENT JUDGMENT OF FORFEITURE |

    Plaintiff and Claimants Christopher Flynn ("C. Flynn") and Regina Flynn ("R. Flynn") (collectively, the "Claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. All potential claimants to the defendants other than C. Flynn and R. Flynn are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3. $52,000.00 of the defendant $159,421.37 in U.S. Currency ("defendant currency"), without interest, and the defendant One 2002 Cadillac Escalade ("defendant vehicle"), shall be returned to R. Flynn through her counsel. The United States Marshals Service shall release said funds by wire transfer to R. Flynn's counsel, who shall provide the information necessary to make the wire transfer (including bank account and routing information) forthwith. R. Flynn and her attorney shall provide any and all information, including personal identifiers, needed to process the return of these funds according to federal law. The United States Marshals Service shall make the transfer within 60 days of the entry of this judgment or its receipt of the necessary information, whichever is later. The United States Marshals Service shall further make arrangements for R. Flynn to collect the defendant vehicle within 60 days of the entry of this judgment.

4. C. Flynn's claim to any of the defendant currency is withdrawn.[1]

5. The government shall have judgment as to $107,421.37 of the defendant currency, plus the interest earned by the United States on the entire amount of the seized currency since seizure, and no other right, title or interest shall exist therein. The government shall dispose of the forfeited funds according to law.

---

[1] C. Flynn filed a claim of interest as to $89,946.37 of the defendant currency.

6. Claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees, agents and task force officers of the Drug Enforcement Administration, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendants and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees or costs which may be asserted on behalf of Claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. If Claimants submitted a petition for remission to the defendants in any proceedings, Claimants hereby withdraw the petition, and waive any rights they may have to seek remission or mitigation of the forfeiture of the defendants.

7. The Court finds that there was reasonable cause for the seizure of the defendants and the institution of this action. This consent judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant vehicle or any portion of the defendant currency.

Dated: February 20, 2018

_____
GEORGE H. WU, U.S. District Judge

Presented by:
NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

　/s/
_____
KATHARINE SCHONBACHLER
Assistant United States Attorney